Rose Fox, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

166

Argued September 14, 1978, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Gary B. Vernick,* with him *Stephen G. Fox* and *Bernstein, Schlessinger & Fox,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 12, 1978:

This is an appeal by Rose Fox (claimant) from a denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board), pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936,

Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), refusing benefits for discharge due to willful misconduct. We reverse.

Prior to claimant's discharge, she was employed as a transcription typist at the Albert Einstein Medical Center in Philadelphia, where she had worked since June, 1969. On or about April 29, 1976, claimant informed her supervisor, Dr. Schwartz, of her need to enter the hospital for in-patient testing. She was in the hospital from May 6 to May 13, 1976.

On May 20, 1976, Dr. Schwartz sent claimant a letter in which he complained of her continued absence and her prior poor attendance record. In the letter Dr. Schwartz also wrote:

> I have discussed this problem with Mr. Schwab, Director of Personnel, and he suggests that if you are not medically able to work, verified by a letter from your physician, Dr. Young may authorize a six-month medical leave of absence.

On May 24, 1976, claimant visited her physician who advised her that she could return to work on July 1, 1976, and gave her a note to that effect. The next day claimant reported that advice to Dr. Schwartz in writing. In response, Dr. Schwartz wrote claimant a letter of termination, dated June 7, 1976.

Claimant then applied for unemployment compensation benefits, which were denied. Upon appeal, the Board upheld the denial benefits.

The scope of review in willful misconduct cases is confined to questions of law and to a determination of whether the findings of the Board and the referee are supported by substantial evidence. The question of willful misconduct is one of law, for which the employer has the burden of proof. *Heefner v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 527, 368 A.2d 1382 (1977).

Willful misconduct was defined and discussed at length in *Unemployment Compensation Board of Review v. Bacon,* 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976), and substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Geesey v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978). Moreover, we must examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all logical and reasonable inferences that can be drawn from that testimony. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

Applying the substantial evidence test to the findings, we do not believe that the referee could reasonably have found that the employer sustained its burden.

The referee's findings stated:

4. On May 20, 1976 the employer mailed a letter to the claimant regarding her continued absenteeism and requested that she submit medical evidence to substantiate her condition and date when she could be expected to return to duty. Claimant was also informed that if medical evidence indicated she was ill and physically unable to work, a six-month leave of absence could be authorized for her.

. . . .

6. On June 7, 1976, the claimant was terminated due to excessive absenteeism which was not substantiated by medical evidence.

The record indicates otherwise. The only reference to medical verification in the letter of May 20 is that portion quoted earlier. Claimant did not disobey a

request for substantiation of her absence theretofore; the letter asked for medical verification only as to the possible future leave of absence.[1]

Moreover, in the termination letter of June 7, Dr. Schwartz, after informing claimant of her termination, wrote:

> I regret the need to do this, which comes about as a result of the stressful and demanding nature of the position, and the rather unpredictable state of health in which you find yourself.
>
> I want to thank you for your past services, and extend the offer of whatever help we may be able to proffer in your efforts to obtain a new position of less arduous nature.

This letter clearly indicates that the cause of the claimant's termination was illness, not willful misconduct.

A careful study of the entire record discloses no additional evidence to justify the conclusion that claimant was discharged for willful misconduct.

Therefore, we reverse the decision of the Board and remand this case to the Board for computation of the benefits due claimant.

### ORDER

AND Now, this 12th day of December, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-140764, dated February 15, 1977, denying benefits, is reversed and this case is remanded to the Board for the computation of benefits due the claimant, Rose Fox.

---

[1] We have quoted employer's Exhibit 1. In the hearing transcript, the same letter is quoted inaccurately, perhaps misleading the referee.