Chester W. Gochenauer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Elsa D. Newman-Silverstein,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, May 29, 1981:

Chester W. Gochenauer (Claimant) has appealed from an order of the Unemployment Compensation Board of Review which denied unemployment compensation benefits for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by International Travel Trailer, Inc. (Employer) from August, 1978 until March, 1979. His last position was that of a mill man and his final day of work was March 26, 1979. On that date Claimant met with the shop foreman and operations manager relative to his poor attendance record. At that meeting Claimant signed a form acknowledging the fact that he had received several verbal warnings regarding excessive tardiness and absenteeism and that a doctor's note would be required for future medical absences. The form also included a warning that failure to improve in the areas mentioned would necessitate termination of employment.

Claimant was absent from work the following day, March 27, 1979, due to illness and did not return until April 9, 1979 when he was informed that his employ-

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

ment had been terminated. Employer received no notice as to Claimant's condition between March 28, when Claimant's son-in-law delivered a doctor's note which stated that Claimant was advised "to remain home from work until he is symptom free," and April 9, 1979.

The Bureau (now Office) of Employment Security found Claimant ineligible for unemployment compensation benefits under Sections 401(d) and 402(e) of the Law, 43 P.S. §§801(d) and 802(e). After a hearing, the referee affirmed based solely on Section 402 (e). The decision of the referee was subsequently affirmed by the Board and the present appeal was taken.

Two issues have been presented for our consideration: 1) is the Board's Finding of Fact No. 3 supported by substantial evidence and 2) did the Board err in finding that Claimant is guilty of willful misconduct?

It is well settled that the burden of proving willful misconduct is on the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Where the party with the burden of proof prevails below, our scope of review is limited to a determination of whether an error of law has been committed and whether the necessary findings of fact are supported by substantial evidence. *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980). The question of whether willful misconduct has occurred is one of law. *Fox v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 165, 394 A.2d 1327 (1978).

We have held repeatedly that while absenteeism due to illness does not generally constitute willful misconduct, a failure to report an illness in the manner required by company rules, particularly after receiv-

ing a warning, does constitute willful misconduct. *Patrick v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979) and *Ralston v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 378, 336 A.2d 654 (1975). The question of whether notice was given to the employer is one of fact, while the sufficiency of the notice is a matter of law. *Unemployment Compensation Board of Review v. Blouse*, 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976).

In the instant case, the Board made the following pertinent findings of fact:

3. On March 27, 1979 the claimant was absent from work without reporting off from work.

4. On March 28, 1979 a relative of the claimant appeared at the claimant's last place of employment with a note signed by the claimant asking that the claimant's last employer give the paycheck to that relative. The relative also presented the employer with a note from the claimant's physician which indicated that the claimant was being treated for an infection and that he was to remain home from work until he was symptom-free.

5. Thereafter, the claimant did not again contact his employer until April 9, 1979 when he appeared at his last place of employment. The claimant was at that time informed that his employer had considered him to have left his work without notice.

6. During the period March 28, 1979 to April 9, 1979 the employer made several attempts to get in touch with the claimant but was unable to reach him.

Claimant argues that Finding of Fact No. 3 is not supported by substantial evidence. Substantial evi-

dence is such relevant evidence as a reasonable mind might accept as sufficient to support a conclusion. *Fox, supra.* Claimant testified with regard to reporting his absence on March 27 as follows: "QL: Did you contact, did you contact your employer and advise him you were not to be in work that day? AC: *No. I didn't personally that day.* I, my daughter did." (Emphasis added.) Claimant's daughter gave the following corroborative testimony: "QL: And did you call in for him [Claimant] on March 27? That would have been a Tuesday. AW: Yes, I remember." Employer's representative testified only that Claimant did not report for work on March 27.

The Board's position is that it determined that the testimony that Claimant's daughter reported off his first day of absence was lacking in credibility. Based on the remainder of Claimant's testimony, underscored above, the Board concluded that Claimant did not report off on March 27. Questions of credibility are clearly for the Board as finder of fact. *Boyer, supra.* Therefore, although we might have reached a different conclusion, we are bound by the Board's finding since it is supported by substantial evidence in the record.

We are similarly bound by the Board's finding that the only notice provided to the Employer during Claimant's absence was the doctor's note delivered on March 28. The Employer's rule for reporting absences requires that the employee contact the Employer within the first hour of any work day which will be missed. We are satisfied that Claimant had knowledge of this rule but failed to comply therewith.[2] Fur-

---

[2] There is also substantial evidence in the record that Employer tried to contact Claimant on several occasions but that Claimant's telephone had been disconnected. In fact, it appears that Claimant changed residences during the period of his illness but apparently did not notify Employer of his change of address.

thermore, we conclude as a matter of law that the doctor's note constituted insufficient notice to trigger the exception to the company rule which suspends the daily notice requirement where the Employer is informed that an employee is seriously ill and unable to report in on a daily basis. Claimant's failure to comply with his employer's rule clearly constitutes willful misconduct.

Order affirmed.

ORDER

AND Now, this 29th day of May, 1981, the order of the Unemployment Compensation Board of Review, dated October 19, 1979, Decision No. B-176846, is hereby affirmed.