Marcellous Andrews, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 1, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, May 26, 1982:

The petitioner, Marcellous Andrews, seeks review of a decision of the Unemployment Compensation Board of Review (Board) denying him benefits because he was discharged for willful misconduct.[1] The Board found that he had failed to report to his employer in the proper manner that he was leaving his workplace as a result of illness.[2]

The petitioner contends that he properly reported his absence by calling the telephone number provided by the employer for such a purpose and that he had been unable to inform his immediate supervisor personally of his illness prior to leaving his place of work because that individual was unavailable at the time and the petitioner was too ill to wait for him to return or to search for him.

Our review of the record indicates that conflicting evidence was presented as to the procedures required by the employer here for reporting absences. The Board found, however, that the employer's rules re-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] The Board had originally granted benefits but reversed itself after reconsideration was granted.

quired employees who became ill after reporting to work to notify their immediate superiors and to obtain permission before leaving, that the telephone number provided by the employer was to be used to report absences prior to the time set for an employee to arrive at work but was not to be used if an employee became ill on the job, and that the petitioner was aware of such procedures. It is, of course, the function of the Board, not of this Court, to resolve matters of credibility and the record here contains substantial evidence to support these findings. Consequently, we may not disturb them.[3] *Miller v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979).

Similarly, the Board was faced with conflicting evidence when it found that the claimant had an opportunity to give direct notice to his superior, but failed to do so, not because he was too ill, but because he "just didn't feel like it." Here again, it was the Board's role to resolve such a conflict and we have no basis on which to overrule it.

Finally, the petitioner maintains that he was actually discharged because he had used up all of his sick leave and not because he had failed to report his illness properly. Again, there was conflicting evidence on this issue, which the Board resolved in favor of the employer, and which we may not disturb.

It is well-settled that an employee who fails to report his illness in the manner prescribed by his em-

---

[3] The Board also found that the petitioner had received a suspension on a prior occasion for leaving the job site without permission, and the petitioner argues that this finding cannot stand because it was supported solely by hearsay testimony. Our review of the record, however, indicates that the petitioner himself stated that he knew he was supposed to inform his supervisor of his illness before leaving, so that his question as to other testimony is irrelevant.

ployer is guilty of willful misconduct, even if such illness was genuine. *Gochenauer v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 354, 429 A.2d 1246 (1981). The petitioner's assertion that he had good cause for not complying with the reporting requirement due to the intensity of his illness which resulted from medication which he was taking, does not persuade us that he was not guilty of willful misconduct. The Board found that he had an opportunity to comply and he admitted that, prior to the time that he became violently ill, he had felt sick but had decided not to tell his supervisor even though the supervisor was available at that time. We do not believe, therefore, that he had good cause for violating his employer's rule.

We will affirm the order of the Board denying benefits.

### Order

And Now, this 26th day of May, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge Mencer did not participate in the decision in this case.