Harold L. Gelles, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 6, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Richard C. Schafer,* for petitioner.

*Charles Donahue,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 8, 1982:

Harold L. Gelles, a former parts manager for an automobile agency has appealed from an order of the Unemployment Compensation Board of Review denying him compensation on the ground that his unemployment was the result of his discharge from work for willful misconduct. Section 402(e) of the Unemployment Compensation Law.[1]

A referee found that the claimant failed to report for work on January 15 and 16, 1981 or to notify his employer of his intended absences; and that the claimant was aware or should have been aware of the employer's policy requiring employees who were unable to work to report off prior to the start of the day's shift.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant contends that he properly reported his absences to his employer. He testified with respect to the January 15 absence that he told his supervisor on January 14, 1981 that he did not feel well and would take work home with him to do if he was not able to report for work the following day. With respect to the January 16 absence, the claimant testified that he came into work at 10:00 a.m., although his shift began at 8:00 a.m., solely to inform his employer of his illness.

While absenteeism due to illness does not generally constitute willful misconduct, a failure to report an illness in the manner required by company rules constitutes willful misconduct. The question of whether notice was given to the employer is one of fact. *Gochenauer v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 354, 357, 429 A.2d 1246, 1248 (1981).

The evidence as to the notice required of employees by the claimant's employer is conflicting. The referee found that the employer's rules required employees who anticipated absence from work to report off prior to the start of a shift and this finding settles the conflict. The claimant clearly failed to conform to the employer's rule as his own testimony confirms; hence he is disqualified. The claimant additionally defends his conduct on the ground that he intended no harm to his employer. "To be guilty of willful misconduct, an employee need not intend to wrong the employer." *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 276, 412 A.2d 1123, 1125 (1980).

Order affirmed.

### ORDER

AND NOW, this 8th day of November, 1982 the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.