Robert G. Eisenhauer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*Charles G. Hasson,* Acting Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, November 15, 1983:

This is a claimant's appeal from an order of the Unemployment Compensation Board of Review declaring him ineligible for unemployment compensation benefits because he was discharged from work for willful misconduct. Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

The claimant was employed as a security guard from 1977 until discharged on June 23, 1981. The claimant testified that in addition to his pay he anticipated receiving the three years employment experience necessary to qualify him for his own private detective license. *See* Section 4 of the Private Detective Act of 1953, Act of August 21, 1953, P.L. 1273, *as amended,* 22 P.S. §14. Indeed, his employer gave him a certificate of completion of three years employment in March, 1980.

In support of its decision that the claimant was ineligible for compensation because of his willful misconduct, the Board found that the claimant had lodged a groundless complaint against his employer requiring the employer to incur expenses of defending himself in court; that the claimant on one occasion left his post of duty without authorization; and that the claimant refused to follow orders and downgraded the efforts of his superiors. The claimant argues that these findings are not supported by substantial evidence.

The events which were the principal cause of the claimant's discharge began on October 29, 1980 when the District Attorney of Columbia County notified the employer that the employer's detective license had expired in 1978 and that the employer's business must be discontinued until the proper license was obtained. The claimant learned of this event and became concerned about the validity of the certificate

which had been issued to him in March, 1980. On January 27, 1981, the employer filed an application for a private detective license in the Court of Common Pleas. The record does not tell us whether this was an application for a new or renewal license although the employer testified that he intended it as an application for a renewal license. In any event, the claimant, acting as his own counsel, filed a challenge to the issuance of a detective license to the employer. The claimant explained this act as motivated by concern over his certificate and as having the purpose of opposing the issuance of a new, as distinguished from a renewal license, to the employer—his reasoning being that his certificate would be good only if a renewal license were issued to the employer. A hearing on the application was held in March, 1981 and on June 23, 1981, after learning that the court was going to grant the application, the employer discharged the claimant. The employer received a renewal license on June 26, 1981.

The question of whether or not an employee's actions constitute willful misconduct is one of law subject to our review. *Unemployment Compensation Board of Review v. Cardellino,* 24 Pa. Commonwealth Ct. 617, 357 A.2d 710 (1976); *Unemployment Compensation Board of Review v. Crilly,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976). The determination must be made in light of all circumstances, not only the employee's actions, but also the reasons for his actions. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). The employee's conduct will not constitute willful misconduct if it was justifiable under the circumstances, since it cannot then be considered to be in disregard of conduct the employer has a right to expect. *McLean v. Unemployment Compensation Board of Re-*

*view,* 476 Pa. 617, 383 A.2d 533 (1978); *Frumento, supra.*

As noted above the claimant's discharge resulted primarily from his court challenge to his employer's application for a detective license. The claimant testified that he believed he would receive credit toward a detective license only if his employer got a renewal license and indeed if the employer had been engaged in the security business without a license since 1978 the claimant's certificate would obviously be in jeopardy. His challenge to the issuance of a new license to the employer would therefore appear to have been justifiable and made with good cause and therefore not disqualifying.

The charge of insubordination arises from an incident which occurred in April, 1981. As a security guard at a customer's factory, the claimant had two principal areas of responsibility. From 4:00 P.M. to 6:00 P.M. he was responsible for inspecting and maintaining the fire extinguishers. From 6:00 P.M. until midnight he was to patrol the factory as a security guard. The claimant testified that on the day in question, as was his practice on this job, he arrived at work between 3:15 and 3:30 P.M., began his fire extinguisher shift early thereby completing this duty by 5:30 P.M. The claimant further testified that since he was not scheduled to begin his security patrol until 6:00 P.M. he customarily used the half hour reading the newspaper, changing into his security guard uniform and attending to other personal matters. On the day in question, he left the factory at 5:30 P.M. to buy a part for his automobile and although he encountered his superior officer on the way to the store, he was never confronted, reprimanded or disciplined for the incident. Moreover, the incident was not mentioned in the letter discharging the

claimant nor was it provided to the Office of Employment Security as having a part in the claimant's discharge. Not only does this incident appear to have been introduced by the employer as make-weight, it fails to describe conduct in wanton, deliberate and conscious disregard of the employer's interests, as the law requires. *MacFarlane v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974).

Finally, the Board's finding that the claimant refused to follow orders and downgraded the efforts of his superiors is not supported by substantial evidence. The only evidence on this issue is the following testimony by the employer:

> Attorney Ritchie: Now, was there any other supervisors or anyone in the supervisory capacity that would have been in the chain of command above Mr. Eisenhauer [claimant] besides you?

> Employer: Yes. We have at that time an acting sergeant.

> Attorney Ritchie: And what was his name?

> Employer: His name was William Heney. And he would have the right to issue orders from me or from himself if I was not available.

> Attorney Ritchie: Did you ever have any complaints from Mr. Heney with regards to Mr. Eisenhauer [the claimant] failing to follow orders or failing to follow procedures as required of employees?

> Attorney Macky: Objection. That's hearsay. Mr. Heney's not here today.

> Referee: We'll note the objection. But I'm going to let him testify.

> Employer: Yes. We had some from the sergeant that Mr. Eisenhauer would be reluct-

ant to follow orders from him at different times.

Attorney Ritchie: Now were there any specific complaints as to specific incidents or ah specific procedures that were not being followed by Mr. Eisenhauer in his capacity as a security guard?

Employer: We thought at the time it was because that ah Sergeant Heney had only been a short time in comparison to Mr. Eisenhauer, and just didn't want to take orders from a newer man.

Not only is this evidence incompetent as hearsay on the point of whether the appellant refused (or was reluctant) to follow orders, it is also so lacking in specificity as to be wanting in substance.

Order reversed; the record is remanded for the computation of benefits. Jurisdiction is relinquished.

### ORDER

AND Now, this 15th day of November, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the record is remanded for the computation of benefits. Jurisdiction is relinquished.