533 A.2d 792

Georgianna London, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 9, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Henry Leone,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, November 17, 1987:

Georgianna London (Claimant) appeals from the decision of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee and the Office of Employment Security to deny unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct). The Board made its own findings of fact amending those made by the referee based on evidence presented at the referee's hearing. We reverse the Board's decision.

Claimant was employed by G.T.E. of Pennsylvania (Employer) for approximately seven and one-half years. Her position during the period of her misconduct involved preparation of Employer's telephone directories. Her last day of work was June 11, 1986.

On October 19, 1984, Claimant obtained telephone service by applying for that service under the middle and last names of her husband and son, and using her five-year-old son's Social Security number. At that time, Claimant had five outstanding accounts for telephone service with Employer, under various names, with a total past due amount of $867.47 of which Claimant was aware. Employer discovered Claimant's connection to these accounts upon investigation. On June 11, 1986, Claimant was given the option of resigning or being discharged, and Claimant chose to resign. The Board found that Claimant failed to adequately justify her actions.

The Board, in its brief, contends that the instant case is analogous to the case of *Abbey v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 323, 413 A.2d 3 (1980). We disagree.

The claimant in *Abbey* was employed by the Department of Public Welfare (DPW) as a Mental Retardation Aide I at C. Howard Marcy Hospital. During the course of this employment, Ms. Abbey defrauded DPW by obtaining $6000 from Pennsylvania's public assistance program by lying to her caseworker. This fraud constituted a violation of a state statute which DPW enforces as a state agency. Citing *Nevel v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 6, 377 A.2d 1045 (1977), this Court stated that, "[a] state agency as employer has a right to expect its employees not to violate a statute the agency enforces." *Abbey,* 50 Pa. Commonwealth Ct. at 325, 413 A.2d at 4. Both of these cases specifically relate to employment by state agencies and violation of state statutes enforced by

those same agencies. On this basis, *Abbey* is clearly distinguishable from the instant case.

Claimant contends, *inter alia,* that the alleged misconduct was not sufficiently material to her employment to constitute willful misconduct. Our scope of review is limited to a determination of whether any constitutional rights have been violated, an error of law has been committed, or any findings of fact necessary to support the decision of the Board are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). The question of whether Claimant's actions constitute willful misconduct disqualifying her from eligibility for unemployment compensation benefits is a question of law subject to the review of this Court. *Richner v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 572, 505 A.2d 1375 (1986).

Section 402(e) of the Law provides that, "An employe shall be ineligible for compensation for any week . . . In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct *connected with his work. . . ."* (Emphasis added.) Our careful review of the record leads us to conclude that the Claimant's misconduct was not connected with her work and is therefore not covered under Section 402(e) of the Law. In *Barnett v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 360, 408 A.2d 195 (1979), we held that in order for concealed or falsified information to be disqualifying for unemployment compensation benefits, such information had to be material to the qualifications of claimant's employment. Claimant's misconduct here was only connected with Employer as a consumer. While Claimant's misconduct may well be proper grounds for terminating Claimant or forcing her resignation, it is not sufficiently connected to her job involving preparation of Em-

ployer's telephone directories. Consequently, Claimant cannot be denied unemployment compensation benefits based on these circumstances, and the decision of the Board must be reversed.

### ORDER

The decision of the Unemployment Compensation Board of Review to deny benefits in the above-captioned proceeding is hereby reversed.