Teresa D. Wright, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*James M. Bucci,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 23, 1983:

This is an appeal of an order of the Unemployment Compensation Board of Review (Board) which declared Teresa D. Wright (Claimant) ineligible to receive benefits because she was discharged from her employment for willful misconduct.

Claimant was employed by the American Medical Center as a housekeeper for approximately one and one-half years. Uncontroverted testimony at a hearing before a referee indicated that several weeks before Claimant's termination, a fellow employee ac-

cused her of theft of an employee's personal property. The employer asked the local police to investigate. In a polygraph test administered by the police, Claimant stated that she did not steal the employee's money but had in fact taken trashbags from her employer. In a meeting with Claimant her supervisor confronted her with this information and she admitted taking the trashbags. The supervisor later testified before a referee that Claimant also admitted to taking toilet paper. The Board accepted the referee's finding of fact that Claimant took both the trashbags and toilet paper. The supervisor also testified that employees were permitted to use trashbags if they asked prior to taking them. As no permission was given for this taking, Claimant was discharged. This action was in conformance with a rule of the employer which stated that any employee who stole employer's property would be fired.

Claimant asserts three errors of the Board in finding her ineligible for benefits. First she states that the conduct which resulted in her termination was deminimus and not willful misconduct. She also states that all the evidence in support of her termination for willful misconduct is hearsay, properly objected to and, as such, cannot be the sole basis for a finding of willful misconduct. Finally, Claimant states that employer's use of the polygraph test was illegal and therefore inadmissible as evidence. Claimant's assertion of Board error regarding the illegal use of the polygraph and hearsay evidence is more easily dismissed than the issue of willful misconduct and shall be dealt with first.

A finding of willful misconduct in an unemployment case cannot be based solely on hearsay evidence. *Orloski v. Unemployment Compensation Board of Re-*

*view,* 52 Pa. Commonwealth Ct. 254, 415 A.2d 720 (1980). Were the evidence of Claimant's willful misconduct based solely on hearsay and properly objected to, it would not be sufficient to support a finding. *Ellis v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 628, 425 A.2d 496 (1981). The testimony here, however, was that of a representative of the employer who met with the Claimant and to whom the Claimant admitted taking her employer's property. As an admission of a party it fell within an exception to the hearsay rule and was therefore competent testimony as determined by the Board. *Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975).

Claimant's assertion of her employer's violation of Section 7321 of the Crimes Code, 18 Pa. C. S. §7321 which prohibits employers from requiring employees to submit to polygraph examinations is likewise without merit. The employer turned the investigation of theft from other employees over to the police. They in turn administered the polygraph. The employer did not violate this statute. The employer, in addition, does not rely on the results of the polygraph, but rather on testimony of his representative who was present at a meeting where Claimant admitted the theft for which she was discharged.

With respect to Claimant's assertion that her conduct was deminimus there are minor infractions which have been deemed not to constitute willful misconduct, e.g. *O'Keefe v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975) (claimant ate employer's stale pastry); *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Common-

wealth Ct. 462, 332 A.2d 876 (1975) (reclining in the company truck during working hours). *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974) (failure to maintain indoor confinement during sick leave); *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972) (failure to attend a meeting). Most of these infractions, however, have not involved a violation of a specific rule of the employer. In the instant case, there was a specific rule about stealing which Claimant admittedly violated. While there was no mention of the amount of property taken or its value to the employer, and the articles admittedly taken by their nature are not of great value, Claimant's conduct did constitute theft, the unjustified taking of another's property, and as such did violate a rule of her employer. There is, then, willful misconduct for which the employee was justifiably terminated. *Lipfert v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979).

The results of this case at the pursuit of the employer seem harsh to the opinion writing judge but where, as here, in an unemployment compensation case the party with the burden of proof prevails below, review by the Commonwealth Court is limited to a determination of whether an error of law was committed and whether the Board's findings of fact are supported by substantial evidence. *Hackney v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 625, 432 A.2d 317 (1981). Since there has been no error of law committed and the findings are supported by substantial evidence, we are compelled to affirm the order of the Board.

ORDER

Now, September 23, 1983, the order of the Unemployment Compensation Board of Review dated August 14, 1981 is hereby affirmed.