Margaret S. Dunkleberger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Jones Specialty Shop, Intervenor.

Submitted on briefs November 15, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Michael J. Casale, Casale and Bonner, P.C.,* for petitioner.

*Richard H. Roesgen, Roesgen, Larrabee and Brown,* for intervenor.

OPINION BY JUDGE DOYLE, November 16, 1983:

This is an appeal by Margaret S. Dunkleberger (Claimant) from the order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision to deny unemployment compensation benefits for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Law). For the reasons which follow, the order of the Board is affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant had been employed by the Jones Specialty Shop (Employer), a retail establishment, as a manager/buyer for approximately nineteen months when, on October 12, 1979, she was discharged for alleged involvement in a scheme to embezzle from the Employer. On November 8, 1979, the Office of Employment Security found Claimant to be ineligible for benefits due to her willful misconduct. This determination was affirmed by a referee on January 30, 1980. The Board reversed that decision on October 23, 1980, but on further appeal alleging after-discovered evidence, remanded the case to the referee on November 13, 1980. Thereafter, on July 30, 1981, based upon the new evidence offered before the referee, the Board affirmed the denial of benefits for willful misconduct. This appeal followed.

The burden of proving willful misconduct is on the employer. *Stauffer v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 569, 455 A.2d 300 (1983). When, as here, the party with the burden of proof prevails before the Board, our review is limited to a determination of whether an error of law was committed or findings of fact are not supported by substantial evidence. *Saxton v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

Claimant argues that the Board's finding that she embezzled is unsupported by substantial evidence in that there is no evidence of a sum certain which was missing and the Board made no specific finding that money was missing. "Embezzle" is defined: "to appropriate fraudulently to one's own use (as property entrusted to one's care)." Webster's Third International Dictionary 739 (1966). The Board's finding that Claimant embezzled thus includes a finding that Claimant embezzled her employer's funds and no more specific finding was necessary.

Claimant, however, urges that the implicit finding that some money was missing, and thus the finding that Claimant had embezzled, is not supported by substantial evidence. We disagree. While the employer presented no specific testimony regarding the total amount of money alleged to have been embezzled, the record discloses systematic and schematic discrepancies in the business records which it was Claimant's sole responsibility to keep. The Employer testified that had these discrepancies been mere clerical errors a cash surplus would logically have appeared in banking records. The Employer testified that none did and the discrepancies could not be reconciled. The evidence, while circumstantial, is sufficient to support a finding of willful misconduct. *Heffelfinger v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 280, 431 A.2d 380 (1981).

ORDER

Now, November 16, 1983, the order of the Unemployment Compensation Board of Review, No. B-188968-C, dated July 30, 1981, is hereby affirmed.

Judge MACPHAIL dissents.