Steven J. Huyett, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 5, 1984, to Judges WIL-LIAMS, JR., MacPHAIL and DOYLE, sitting as a panel of three.

*Richard L. Raymond, Schroder, Jenkins & Raymond,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 2, 1984:

Petitioner, Steven Huyett, appeals from an order of the Unemployment Compensation Board of Review which reversed the referee's decision and denied Petitioner unemployment compensation benefits pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law[1] (willful misconduct).

Petitioner was employed from December 18, 1981 to February 27, 1982 as a guard for Burns International Security Services, Inc. (Employer). Upon applying for this position, Petitioner submitted an employment application in which he answered "no"

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

to the question: "Have you ever been arrested, summoned, or arraigned in a court (other than for a traffic misdemeanor)?" After Petitioner was hired, Employer contacted the Pennsylvania State Police, who submitted a report indicating that on September 2, 1980 Petitioner had been arrested for aggravated assault and recklessly endangering another person, although these charges had been later withdrawn. On February 22, 1982, Petitioner was discharged for falsifying his application papers.

Petitioner was denied unemployment compensation benefits by the Office of Employment Security (OES), who determined that his termination was the result of his willful misconduct. The referee reversed the determination of the OES, and granted Petitioner benefits on April 9, 1982. Employer appealed, and on June 11, 1982, the Board reversed the decision of the Referee and again denied benefits. Petitioner appeals to our Court from this decision denying benefits.

Our scope of review in an unemployment compensation case where the party with the burden of proof has prevailed before the Board is limited to a determination of whether an error of law was committed or findings of fact are not supported by substantial evidence. *Dunkleberger v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 384, 467 A.2d 653 (1983). We have held that supplying false information on an employment application constitutes willful misconduct justifying the denial of benefits, where it can be shown that the falsification was deliberate, and the information falsified was material to the qualifications of the employee for the job. *Johnson v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 147, 427 A.2d 724 (1981).

Petitioner's sole argument on appeal is that he did not deliberately falsify his application because he

mistakenly believed that his previous arrest had been "withdrawn" when the charges for which he had been arrested had been withdrawn. The only evidence cited by the Board in support of its finding of deliberateness is contained in the summary of Petitioner's Discharge Interview, during which he purportedly made the following statement: "Question was—were you ever arrested—I said no—but I needed a job." We note, however, that the summary from which this statement was taken was never signed by the Petitioner, and was objected to at the hearing as hearsay evidence. It is well settled that hearsay evidence, properly objected to, will not support a finding of willful misconduct. *Wright v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 278, 465 A.2d 1075 (1983). We must conclude, therefore, that the Employer failed to meet its burden of proof in establishing willful misconduct.

Because there is a lack of substantial evidence upon which the Board could base its finding that Petitioner deliberately falsified his application, we must reverse.

Judge WILLIAMS concurs in the result only.

### ORDER

Now, July 2, 1984, the order of the Unemployment Compensation Board of Review, dated June 11, 1982, No. B-206787, is hereby reversed, and the matter remanded to the Board for a determination of benefits.

Jurisdiction relinquished.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

The majority would grant unemployment compensation benefits because the Board's finding of deliberateness is unsupported by legally admissible evi-

dence. It does not appear that the Board made a specific finding on the matter of deliberateness but such a finding is implicit in the Board's conclusion that claimant's action constituted willful misconduct. I do not see how the Board could conclude otherwise in view of the claimant's own testimony that he knew he had been arrested and in spite of that knowledge *of which he had no doubt* (n.t. 10), he answered a question on the employment application regarding his arrest record with a simple "no".

If the claimant was as sincere then as he is now that he really thought his arrest did not "count" because the charges were later withdrawn, I believe the employer could reasonably expect him to offer some explanation for his answer at the time he filled out the application.

In addition, the fact that the Board concluded that claimant's actions constituted willful misconduct notwithstanding claimant's explanation of his mental processes, clearly indicates to me that it, as the factfinder, simply did not believe claimant's explanation.

I would affirm the Board.