Edgar C. Negron, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

138

Submitted on briefs May 4, 1984, to Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

*David A. Scholl*, for petitioner.

*Michael D. Alsher*, Associate Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 13, 1984:

Before this Court is an appeal by Edward C. Negron (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits to Claimant on the grounds that Claimant engaged in disqualifying willful misconduct under Section 402(e) of the Unemployment Compensation Law[1] (Law).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Claimant was discharged from his employment with Allentown State Hospital (Employer) on August 6, 1982. The reasons for his discharge, as stated in a letter to Claimant from Employer's Superintendent, were:

1. 7-23-82 Reported off by calling the switchboard instead of phone numbers/individuals designated by work unit policy.

2. 7-28-82 Again, reported off to switchboard instead of following policy.

3. 7-29-82 Did not report off and did not report for work.

The referenced work unit policy, which Claimant was aware of, in part because of prior violations and sanctions attendant thereto, required that employees who were to be absent were to personally call the Maintenance Superintendent, not Employer's switchboard, fifteen minutes prior to the scheduled start of their shift. If unable to contact the Maintenance Superintendent, they were to then call their supervisor, and, if unsuccessful there, a call was to be placed to their foreman. Inasmuch as a discharge for failing to adhere to rules regarding the reporting of absences constitutes disqualifying willful misconduct under Section 402(e) of the Law,[2] unemployment benefits were denied Claimant by the Office of Employment Security. Claimant appealed and a referee's hearing was held, following which the referee found that Claimant called the switchboard on each day at issue and the referee reiterated the denial of benefits. On further appeal, the Board affirmed, modifying the findings of fact to the extent that Claimant was held not to

---

[2] *Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979).

have called on July 23 but rather had his mother call sometime that afternoon and not to have reported his July 29th absence at all. The appeal to this Court followed.

It is the employer's burden to establish that an employee has engaged in disqualifying willful misconduct. *Bignell v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Where, as here, the party with the burden of proof prevailed below, this Court's scope of review is limited to a determination of whether an error of law was committed or necessary findings of fact are not supported by substantial evidence. *Dunkleberger v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 384, 467 A.2d 653 (1983). As noted above, an employee's failure to report absences in the manner prescribed by his employer can, as a matter of law, constitute willful misconduct "even if not colored by past violations." *Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 607, 423 A.2d 430, 432 (1980). A conclusion that a violation of a reporting rule was willful misconduct is especially warranted in cases, such as that at bar, where the employee has been warned or reprimanded for prior violations. *Gochenauer v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 354, 429 A.2d 1246 (1981). Eligibility for benefits can be preserved, however, if the employee establishes good cause for the violation of the reporting rules. *Department of Agriculture v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 279, 403 A.2d 237 (1979).

Claimant asserts on appeal to this Court that the findings below are not supported by substantial competent evidence and that the matter, at the very least,

should be remanded because the Board has overlooked the question of whether he had good cause for his actions. With respect to July 29, however, Claimant admits that he did not call in his absence on that date but argues that he did not have to because on the afternoon of July 28 he informed his foreman, Ralph Engle, who died prior to the referee's hearing, that he would be unable to work on the 29th. Employer, unable to present testimony by Mr. Engle as part of its case, did introduce Mr. Engle's handwritten record of incidents concerning Claimant's attendance which he maintained on the reverse side of Claimant's time sheet pursuant to Employer policy.[3] The entry next to July 28, 1982 indicates that Claimant called the switchboard at 7:15 a.m. and then bears the notation "no ones there." For July 29, 1982, the entry reads "NO CALL IN—when questioned—I thought I did." Employer also presented the testimony of M. A. Lilly, Maintenance Superintendent; Michael Katchen, the maintenance supervisor; and Rick Smith, the successor to Mr. Engle as foreman and previously his assistant. These were the only parties other than Mr. Engle to whom Claimant properly could have reported his absence. All indicated that they received no telephone call from Claimant regarding the 29th. The Board, as is its prerogative,[4] resolved the conflict in the evidence presented by finding that Claimant failed to report his July 29 absence. The finding is supported by substantial evidence and therefore must be affirmed here. And, it is sufficient to allow the conclusion reached by

---

[3] While objected to as hearsay, the record was properly considered. *See* G. Henry, Pennsylvania Evidence §448 (1953 & Supp. 1978). *See also Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973); Uniform Business Records as Evidence Act, 42 Pa. C. S. §6108.

[4] *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982).

the Board that Claimant committed willful misconduct. *Maxwell.*

With respect to the issue of good cause, the Board failed to make separate findings but must be excused from that shortcoming inasmuch as Claimant did not make any assertion regarding July 29th other than his rejected statement that he reported he would be absent the previous day.[5] *See Wilson v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 504, 457 A.2d 164. Accordingly, we affirm the decision and order of the Board.

## ORDER

Now, September 13, 1984, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-217937, dated May 6, 1983, is hereby affirmed.

---

[5] But for the circumstances of Claimant's absence on July 29, this Court would have been constrained to reverse the Board in part and order a remand. The reversal would have related to the finding for July 23, 1982 that Claimant did not report his absence that day and instead had his mother call Mr. Lilly sometime that afternoon. Claimant and his mother both testified that she called for him that morning because he was incapacitated by a kidney stone attack and that she spoke with someone who responded affirmatively when asked if he was Mr. Lilly. While Mr. Lilly testified that he spoke with Claimant's mother in the afternoon, he also indicated that he was told that Claimant had called the switchboard that morning. In chronicling Claimant's transgressions, Employer's discharge letter to him stated for July 23: "Reported off by calling the switchboard. . . ." Finally, while Mr. Katchen and Mr. Smith were unaware of any absence report by Claimant, Mr. Engle's written record for that date bears the entry "called 7:22 a.m. won't be in sick." It was Employer's burden to prove Claimant violated procedures by substantial evidence. Yet the finding rendered for July 23 is supported only by a portion of Mr. Lilly's testimony taken out of context. Even the referee's finding, that Claimant called the switchboard, is supported only by hearsay (what Mr. Lilly was told and the discharge letter) and was thus improper. In short, Employer failed to meet its burden as to July 23.