Valerie Anderson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 1, 1984, to Judges ROGERS, WILLIAMS, JR., and Senior Judge KALISH, sitting as a panel of three.

*Evalynn B. Welling,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 4, 1985:

Valerie Anderson appeals from the order of the Unemployment Compensation Board of Review affirming a referee's denial of unemployment compensation benefits. Anderson contends that the evidence fails to support the conclusion of the compensation authorities that her dismissal was due to willful misconduct, and therefore challenges the denial of benefits to her under Section 402(e) of the Unemployment Compensation Law.[1]

The findings and record establish that Anderson was employed as a keypunch operator for a department store from September 17, 1979 until her dismissal on February 13, 1981. Anderson's job responsibility was to keypunch bill payment entries into the store's computer system. By all accounts, Anderson had absenteeism problems throughout her employment.[2] She was formally warned on two occasions—in February of 1980 and again in January of 1981—that her attendance was unsatisfactory. On these occasions, she was also warned that her work volume was inadequate and that she was taking excessive breaks during her shift. On February 13, 1981, Anderson was discharged for excessive absenteeism, inadequate work product and excessive use of breaks.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Under this section, a claimant is ineligible for benefits for any week in which his unemployment is due to willful misconduct connected with his work.

[2] According to the referee's findings, which were accepted by the Board, Anderson was absent a total of 35 days during her 17 months of employment.

Anderson contends that whatever dissatisfaction the employer had with her job performance was not due to any willful misconduct on her part. She argues that her absences were always properly reported, and that the employer never challenged the legitimacy of her reasons for taking off from work. Furthermore, she states that the employer neither established on the record that there was a consistent standard for measuring the adequacy of an employee's output, nor submitted reliable evidence of what her production was. Finally, with regard to excessive break-taking, Anderson contends that the employer's policy regarding breaks was informal, and that after the warning in January of 1981, she received no complaints about her work habits until the day she was discharged.

After carefully reviewing the findings and the record, we must agree that there is insufficient basis for concluding that willful misconduct can be inferred from Anderson's absenteeism or from her employer's dissatisfaction with her work output. We have held repeatedly that absenteeism alone does not constitute willful misconduct. *See Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980); *Welded Tube Company of America v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 231, 401 A.2d 1383 (1979). In this instance, the record is devoid of other factors—such as failure to comply with the employer's rules for reporting off or a lack of good cause for absences—as would support a finding of willful misconduct. *See Negron v. Unemployment Compensation Board of Review,* 85 Pa. Commonwealth Ct. 137, 481 A.2d 699 (1984). Similarly, there is a lack of foundation for concluding that Anderson willfully or wantonly fell below the employer's production standards. Indeed, as the com-

pensation authorities found, the employer maintained no records of Anderson's output. Given the employer's affirmative burden of showing that the claimant acted in deliberate or indifferent disregard of the employer's rules or reasonable expectations,[3] the evidence regarding Anderson's output is insufficient to support a denial of benefits.

Anderson's break-taking is a different matter. The record establishes, and the referee found, that despite being warned on January 12, 1981, Anderson continued to take breaks far in excess of the two 15-minute breaks per shift which were rountinely allowed by the employer. Anderson has presented no reason why she could not comply with the employer's guidelines.[4] Furthermore, we are not persuaded by her argument that in order to establish willful misconduct, the employer would have had to confront Anderson immediately with any infractions that occurred after the final warning. In light of her length of employment and her prior warnings, Anderson was or should have been aware of the employer's guidelines regarding breaks. She has not asserted that she was confused or misled regarding the employer's expectations. Nor can it be argued convincingly that the employer's failure to give further admonishments during her final month of employment suggested condonation of her violations. Therefore, we hold that the record is sufficient to support a conclusion that

---

[3] It is the employer's burden to establish that an employee engaged in disqualifying willful misconduct. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981).

[4] A claimant cannot be disqualified if he establishes that there was good cause for his failure to comply with the employer's rules. *Department of Agriculture v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 279, 403 A.2d 237 (1979).

Anderson engaged in willful misconduct with regard to taking excessive breaks.[5]   While this was only one of three reasons cited for the discharge, the causal nexus is nonetheless sufficient to establish that the discharge was due to willful misconduct.[6]

Accordingly, the order of the Unemployment Compensation Board of Review is affirmed.

### ORDER

AND Now, this 4th day of January, 1985, the order of the Unemployment Compensation Board of Review at Decision No. B-197363 is affirmed.

Judge KALISH dissents.

---

[5] Where the party with the burden of proof prevailed below, our scope of review is limited to determining whether an error of law was committed or necessary findings of fact are not supported by substantial evidence. *Dunkleberger v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 384, 467 A.2d 653 (1983).

[6] *See Heffelfinger v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 280, 282 n. 2, 431 A.2d 380, 381 n. 2.