# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Millwright and Rigging, Inc.,   :
                        Petitioner    :
                                      :
            v.                        :
                                      :
Unemployment Compensation             :
Board of Review,                      :   No. 1868 C.D. 2013
                        Respondent    :   Submitted: May 9, 2014

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: July 31, 2014

          Mark Millwright and Rigging, Inc. (Employer) petitions this Court for review of the Unemployment Compensation Board of Review's (UCBR) August 20, 2013 order affirming and modifying the Referee's decision denying Unemployment Compensation (UC) benefits under Sections 402(e) and 401(d)(1) of the UC Law (Law),[1] and finding that John A. Gruff (Claimant) was eligible for UC benefits under Section 402(e) of the Law, but was ineligible for benefits under Section 401(d)(1) of the Law.  The sole issue for this Court's review is whether substantial evidence supports the UCBR's finding that Claimant did not deliberately mislead Employer regarding his traveling restrictions during the interview process and, therefore, did not engage in willful misconduct under Section 402(e) of the Law.[2]  After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 802(e) (relating to discharge for willful misconduct), 801(d)(1) (relating to ability to work and availability for suitable work).

[2] Employer does not challenge the UCBR's determination that Claimant is ineligible for benefits under Section 401(d)(1) of the Law.

Claimant was employed by Employer as a millwright from March 18, 2013 until April 14, 2013. At the time of his hiring, Claimant completed Employer's job application (Application). The Application contained a question as to whether Claimant had been convicted of a felony in the last seven years. Claimant answered "no" because, although he had been convicted of a felony, the conviction occurred thirteen years earlier. Employer's Application also included a question regarding Claimant's ability to travel if the job required it, providing boxes to check either "yes" or "no." Claimant asked Employer's representative how much travel the job would require and was told that travel would be "a week or two at a clip." Notes of Testimony, June 3, 2013 (N.T.) at 6; Reproduced Record (R.R.) at 7a. At the time of his hiring, Claimant was on parole, and his parole officer allowed him to travel up to two weeks per month. Thus, Claimant answered "yes" to the question pertaining to travel. After Claimant was hired for the position, his parole officer permitted him to travel to an assignment in New York. After that work was completed, the parole officer denied Claimant's request to accept a project in New Jersey, and threatened him with arrest if he took the New Jersey job. Claimant advised Employer that he could not accept the assignment and explained the circumstances. Employer, believing Claimant misled Employer about his felony conviction and availability to travel, terminated Claimant's employment.

Claimant filed for UC benefits. On his Internet Initial Claims form, Claimant admitted that he was not able and available for work. He also stated that he had "been deemed ineligible by doctor due to acute hepatitis C[,]" that he had "BEEN FLAGGED FOR A YEAR[,]" and that he was "RESTRICTED FROM WORKING ALL TOGETHER[.]" Original Record (O.R.) Item No. 2. Employer informed the Altoona UC Service Center (Service Center) that Claimant's employment had been terminated because he falsified his Application. On May 1, 2013, the Service

2

Center issued a Notice of Determination finding Claimant ineligible for UC benefits under Sections 402(e) and 401(d)(1) of the Law. Claimant appealed.

A Referee hearing was held on June 3, 2013. Claimant testified at the hearing that it was not his intention to deceive Employer. He stated that based upon the frequency of travel as described by Employer's representative when he interviewed for the position, he believed his parole officer would allow him to travel in order to perform the job. On June 26, 2013, the Referee affirmed the Service Center's determination. Claimant appealed from the Referee's decision to the UCBR. On August 20, 2013, the UCBR affirmed and modified the Referee's decision. The UCBR found Claimant's testimony credible, concluding, "[Claimant] did not deliberately mislead the Department [sic] regarding his criminal record or his traveling restrictions. [Claimant] was acting in good faith throughout the hiring process." UCBR Op. at 3. The UCBR also noted that Claimant admitted he was not able or available for work, and his physician had indicated he was totally disabled. Accordingly, the UCBR determined that Claimant was eligible for benefits under Section 402(e) of the Law, but was ineligible under Section 401(d)(1) of the Law.[3] Employer appealed to this Court.[4]

Employer argues that the UCBR erred when it found that Claimant's failure to disclose his travel restrictions to Employer at the time of hiring did not

---

[3] Claimant did not appeal from the UCBR's decision. Since neither Claimant nor the Employer has challenged the UCBR's determination that Claimant is ineligible for benefits under Section 401(d)(1) of the Law, that determination is conclusive as a matter of law. *See* 43 P.S. § 829. However, "[a] decision as to eligibility in one period is not *res judicata* as to eligibility in a separate and distinct period." *Feinsod v. Unemployment Comp. Bd. of Review*, 624 A.2d 762, 765 (Pa. Cmwlth. 1993); *see also Cicco v. Unemployment Comp. Bd. of Review*, 432 A.2d 1162 (Pa. Cmwlth. 1981). Absent a determination that Claimant was discharged for willful misconduct, there is the possibility that Claimant might, at some future date, become able and available for work and seek UC benefits.

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

3

constitute willful misconduct. It contends that the record evidence demonstrates that Claimant's lack of disclosure was deliberate, and that it related to a material qualification for the job. Accordingly, Employer asserts that the UCBR's decision is not supported by substantial evidence. We disagree.

Section 402(e) of the Law provides that an employee will be ineligible for UC benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." 43 P.S. § 802(e). Although not defined in the Law, our courts have described "willful misconduct" as:

> (1) a wanton or willful disregard for an employer's interests; (2) a deliberate violation of an employer's rules; (3) a disregard for standards of behavior which an employer can rightfully expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Phila. Parking Auth. v. Unemployment Comp. Bd. of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). This Court has held that "supplying false information on an employment application constitutes willful misconduct justifying the denial of benefits, where it can be shown that the falsification was deliberate, and the information falsified was material to the qualifications of the employee for the job." *Huyett v. Unemployment Comp. Bd. of Review*, 477 A.2d 900, 901-02 (Pa. Cmwlth. 1984); *see also Sill-Hopkins v. Unemployment Comp. Bd. of Review*, 563 A.2d 1288 (Pa. Cmwlth. 1989). "[T]he burden is on the employer to show the falsification or concealment to be deliberate, and that the information is material to the qualifications of the employee for the job[.]" *Johnson v. Unemployment Comp. Bd. of Review*, 427 A.2d 724, 725 (Pa. Cmwlth. 1981) (citation omitted); *see also Huyett*.

The law is well established that:

> [T]he [UCBR] is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight

4

accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted). This Court has explained:

Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999).

In the instant matter, the UCBR found Claimant's testimony credible, as it was permitted to do. Specifically, the UCBR made the following relevant findings of fact:

8. [Claimant] thought that he could accept employment with the employer and comply with his parole officer's requirements.

. . . .

16. [Claimant] did not mislead the employer in any way regarding his travel restrictions.

17. [Claimant] believed that he would not have a problem in complying with the employer's travel requirements given that they appeared to conform with his parole officer's guidelines.

UCBR Op. at 2.

Claimant testified at the June 3, 2013 hearing:

[W]hen I was [sic] originally went in for my interview, like a week prior to starting, Doug Bates was I guess the

5

foreman that hired me and I – obviously I'm not putting it out there for the world about my past, unless it was specifically asked of me, which it wasn't. But [the Application] had that question on there about traveling[5] and I asked Mr. Bates at that time, I said, you know, what are we talking here, you know, a week, two weeks, and his exact answer was a week or two at a time. And I thought in the back of [my] head, you know, I had my [parole officer] that I have to deal with, and . . . he stated that he had no problem say two weeks out of the month . . . .

N.T. at 4-5; R.R. at 5a-6a. Claimant further explained:

[Two weeks] was the maximum that I could leave and that's why I asked Doug at that time. He said a week or two at a clip. And in my mind it was like fine, that fits in with the criteria that I have in my background and I just left it at that. . . . there was no more answer or questions pertaining to that from the conversation between Doug and me.

N.T. at 6-7; R.R. at 7a-8a.

Consistent with that testimony was Claimant's Questionnaire Statement: "I wasn't trying to lie to them[.] At the time[,] I thought I was fuly [sic] able to do the job or I would not have went for the job. . . . I was told I would be going out of town for a week at a time and I thought I could do that[.]" O.R. Item No. 4. The aforementioned testimony and documentary evidence constitutes substantial record evidence to support the UCBR's findings.[6]

---

[5] The Application does not inquire whether there are any restrictions on an applicant's ability to travel. "The employer, not the applicant, should bear the duty of identifying issues that are directly material to the decision to hire. To the extent an employer has a concern, it may simply ask . . . ." *Zimmerman v. Unemployment Comp. Bd. of Review*, 836 A.2d 1074, 1083 (Pa. Cmwlth. 2003).

[6] Citing to the hearing transcript, Employer contends Claimant's lack of disclosure was deliberate in that "Claimant testified that he made a 'snap decision' not to provide any information to [Employer] at the time of his interview **that his ability to travel out-of-state was restricted through the terms of his parole.**" Employer's Br. at 11 (emphasis added). Employer mischaracterizes the testimony. Claimant's testimony upon which Employer relies was in response to Employer's question as to why Claimant did not disclose that he was on parole, not that his travel was restricted. *See* R.R. at 7a. Claimant testified earlier during the hearing that at the time of the interview he believed the restrictions would not prevent him from performing the job. His response to Employer's question explained that he did not disclose he was on parole because the conviction

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

---

was embarrassing, had ruined his life and made it difficult to find employment, and because Employer did not ask. *See* R.R. at 5a-6a, 7a. The record evidence does not demonstrate Claimant's deliberate attempt to conceal his travel restrictions, but instead, a desire to avoid rehashing an embarrassing prior conviction that, in Claimant's mind, would not impact his ability to perform the job.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Millwright and Rigging, Inc.,    :
                 Petitioner    :
                                 :
        v.                    :
                                 :
Unemployment Compensation    :
Board of Review,            :    No. 1868 C.D. 2013
               Respondent    :

## O R D E R

AND NOW, this 31st day of July, 2014, the Unemployment Compensation Board of Review's August 20, 2013 order is affirmed.

_____
ANNE E. COVEY, Judge