## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisamarie Tracey,               :
            Petitioner       :
                            :
          v.               :
                            :
Unemployment Compensation    :
Board of Review,               :    No. 378 C.D. 2016
          Respondent    :    Submitted: October 7, 2016


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: December 19, 2016


Lisamarie Tracey (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) February 12, 2016 order reversing the Referee's decision granting Claimant UC benefits. The sole issue before this Court is whether the UCBR erred by determining that Claimant committed willful misconduct under Section 402(e) of the UC Law (Law).[1] After review, we affirm.

Claimant was employed as a full-time licensed practical nurse with Employer from September 9, 2013 through July 8, 2015. Employer maintained a Therapeutic Boundaries Agreement (Agreement) that required Employer's treatment staff, including Claimant, to minimize self-disclosure to clients. Claimant signed the Agreement acknowledging her understanding of its terms which included the warning

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

that "failure to abide by any of the above guidelines may result in immediate termination." Original Record (O.R.) Item No. 3, 16A, Agreement at 1.

Employer provided grievance forms to clients so that clients could report unsatisfactory conditions or treatment. Employer required staff to immediately forward client grievance forms to Employer's Program Director Jennifer Lembach (Lembach), or Employer's Clinical Director.

On February 16, 2015, Claimant received a verbal warning for violating the Agreement by sharing personal information about her son while discussing treatment with a client. Employer's Eastern Region Director of Nursing Cynthia Campbell (Campbell), informed Claimant that "[Claimant] could not do that." O.R. Item No. 8, Notes of Testimony, September 10, 2015 (N.T.) at 36.

On June 11, 2015, during a disciplinary conference pertaining to an insubordination complaint against Claimant, Lembach noticed that Claimant was in possession of grievance forms dated June 8, 2011 that had not been submitted to Lembach or to Employer's Clinical Director. Claimant could not clearly explain why she had not submitted the grievance forms as required.

Employer received a grievance on June 19, 2015, wherein a client reported feeling uncomfortable when Claimant talked about medication Claimant was taking, and her belief that Employer was attempting to discharge her. When questioned by Employer's management, Claimant admitted to speaking with the client about her son's autism diagnosis and medication.

On July 14, 2015, Employer terminated Claimant's employment for, *inter alia*, violating the Agreement, and failing to immediately submit client grievance forms.

Claimant applied for UC benefits. On August 10, 2015 the Scranton UC Service Center found Claimant ineligible for benefits under Section 402(e) of the Law. Claimant appealed and a Referee hearing was held. On September 11, 2015,

2

the Referee reversed the UC Service Center's Determination and granted Claimant UC benefits. Employer appealed to the UCBR. On February 12, 2016, the UCBR reversed the Referee's Decision and found Claimant ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed to this Court.[2]

Claimant argues that the UCBR erred in disregarding the Referee's determinations that Claimant was eligible for UC benefits and that Employer did not meet its burden of establishing willful misconduct. We disagree.

This Court has explained that:

> Section 402(e) of the Law provides that an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in an unemployment compensation case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

*Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted). Further,

> [w]hen an employee is discharged for violating a work rule, the employer must prove the existence of the work rule, the reasonableness of the rule, the claimant's awareness of the rule, and the fact of its violation. The burden then shifts to the employee to prove that he or she had good cause for violating the rule. An employee establishes good cause by

---

[2] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

showing that his or her conduct was justified or reasonable under the circumstances.

*Adams v. Unemployment Comp. Bd. of Review*, 56 A.3d 76, 79 (Pa. Cmwlth. 2012) (citations omitted). Moreover,

> the [UCBR] is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence[3] supports the [UCBR's] findings, they are conclusive on appeal. . . . [T]he prevailing party below[] is entitled to the benefit of all reasonable inferences drawn from the evidence.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted).

Here, the UCBR found that Claimant committed willful misconduct by violating the Agreement and by not immediately submitting client grievances. With respect to whether Claimant violated the Agreement, Lembach explained the policy considerations behind the Agreement's restriction on personal disclosure: "The basis of [Employer's] program is focused on ethics and boundaries, one of which is not personal disclosure, so that's a significant part of our training that we're not to disclose personal information about ourselves with respect to client interaction." N.T. at 12. Campbell testified that Claimant had received a verbal warning on February 16, 2015 for discussing personal matters with a client, and that Claimant was informed that she was not thereafter to discuss herself or her son with clients.

---

[3] "Substantial evidence is evidence which a reasonable mind might accept as adequate to support a conclusion." *Wheelock Hatchery, Inc. v. Unemployment Comp. Bd. of Review*, 648 A.2d 103, 105 n.3 (Pa. Cmwlth. 1994).

Claimant admitted:

> [Employer's lawyer (]EL[):] . . . . [Campbell] has testified that it has been – or had been an ongoing discussion between you and her about whether it was appropriate to talk about your son or yourself. Do you remember having any of those conversations talking about your son or yourself with clients?
>
> [Claimant:] I remember the conversation talking about my son and you said myself. I told her I did not talk about myself, but I did talk about my son.
>
> EL[:] Okay. And did she tell you that you can't do that, that that is against [Employer's] policy?
>
> [Claimant:] **She told me I could not do that.**

N.T. at 35-36 (emphasis added). Despite receiving this direction, Claimant admitted speaking with a client about her son's autism.[4] *See* N.T. at 31.

Based on our review of the record, substantial evidence supports the UCBR's findings that Employer proved the existence of the work rule prohibiting self-disclosure and its reasonableness, plus Claimant's awareness of the work rule and her violation thereof. Claimant did not demonstrate good cause for violating the rule. Accordingly, we hold that the UCBR properly found Claimant ineligible for UC benefits under Section 402(e) of the Law.[5]

---

[4] Claimant testified that she believed written orientation materials overrode Campbell's directions. *See* N.T. at 37. Notably, Claimant did not testify that she ever approached Campbell to seek clarification before simply disregarding Campbell's orders.

[5] Employer terminated Claimant's employment for multiple reasons. However, Claimant is disqualified from receiving UC benefits so long as one of those reasons constitutes willful misconduct. *See Anderson v. Unemployment Comp. Bd. of Review*, 485 A.2d 900 (Pa. Cmwlth. 1985). Thus, we need not address whether Claimant's failure to immediately submit client grievances constituted willful misconduct.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

Lisamarie Tracey,                   :
                 Petitioner    :
                                    :
           v.                        :
                                    :
Unemployment Compensation     :
Board of Review,                :    No. 378 C.D. 2016
                 Respondent   :

## O R D E R

AND NOW, this 19th day of December, 2016, the Unemployment Compensation Board of Review's February 12, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge