Coleen Schmutz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 4, 1983, to Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*William W. Shimer, Jr.,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, May 27, 1983:

The unemployment compensation claimant in this case appeals an order of the Unemployment Compensation Board of Review, reversing a referee's order, and finding that the claimant's unemployment was due to her willful misconduct and that as a consequence she was not eligible for benefits. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The claimant was employed by a savings and loan association as a teller for about one and one-half years. In October and November of 1980, and again in January of 1981, she had shortages in her daily accounts. She was warned orally and in writing to exercise more care in her work. On July 7, 1981, she had another shortage, this time in the amount of $810.00.

An internal audit was conducted which disclosed that the claimant had cashed checks without recording the transactions on her teller computer terminal and without placing holds against the accounts of the payees. The employer gave her a choice of resigning or being discharged and she accepted the former. It is agreed that this case must be decided under Section 402(e), willful misconduct.

The employer discharged the claimant for violating its rules (1) requiring tellers to put all check cashing transactions into the computer and (2) to place holds on the accounts of persons cashing checks, except in the cases of checks on the United States Treasury or the employer bank.

The referee seems to have had difficulty understanding the employer's rules and what they required the tellers to do. His decision contains no mention of the requirement that all transactions should be entered into the computer. His conclusion that the claimant was not guilty of willful misconduct seems to be the result of his acceptance of the claimant's testimony to the effect that she did not place a hold on the account of every check presented because it was "normal" in busy times not to place the hold on accounts of persons known to the teller. The referee seems to have lost sight entirely of the issue of the claimant's failure to place all transactions on the computer. The Board of Review found that the claimant failed to enter all check cashing transactions into the computer. It concluded that while the procedures for placing holds was "not uniformly enforced" in the branch where the claimant worked, there was no doubt about the requirement of putting all transactions into the computer and that the claimant's failure to do so constituted willful misconduct.

The claimant in the written argument first says, if we understand her, that the board committed error in

making findings additional to those of the referee. This, of course, is a misapprehension of the board's powers which include that of making its own findings. *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975).

The claimant additionally contends, we believe ineffectively, that her actions did not constitute willful misconduct. The employer, as was its burden, established both the existence of its rule as to entering all checks into the computer and the claimant's violation of this rule. The claimant's claim of good cause for deviation from the rule concerning holds on accounts, which the compensation authorities accepted, nevertheless, provided no cause for her failing to enter the checks into the computer. In *Unemployment Compensation Board of Review v. Wiggens,* 23 Pa. Commonwealth Ct. 253, 255, 351 A.2d 696, 698 (1976), we wrote, pertinently to this matter:

> [W]hen an employer has established a system for recording the receipt or expenditure of money and an employee, with knowledge that the employer's policy requires the use of the system and the employee not only does not comply with the policy but does not have any substitute for accounting for the funds, that conduct constitutes willful misconduct within the provisions of Section 402(e).

The claimant's final question—that of whether an affidavit which the employer sent to the board during the pendency of the employer's appeal tainted the proceedings, is also without merit. The affidavit was a refutation of the claimant's testimony concerning holds. Since the board found for the claimant on this issue, the affidavit was harmless.

Order affirmed.

## ORDER

AND Now, this 27th day of May, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter, denying benefits to the claimant, is hereby affirmed.