105 Pa. Commonwealth Ct. 222 (1987)
523 A.2d 1194
Annette McGuill and Linda Patton, Petitioners
v.
Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.
No. 2482 C.D. 1985.
Commonwealth Court of Pennsylvania.
March 23, 1987.
Submitted on briefs January 6, 1987.
*223 To President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.
Domenic A. Bellisario, for petitioners.
James K. Bradley, Assistant Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.
OPINION BY JUDGE DOYLE, March 23, 1987:
Annette McGuill and Linda Patton (Claimants) petition for review of the two orders of the Unemployment *224 Compensation Board of Review (Board)[1] denying each of them benefits under Section 402(e) of the Unemployment Compensation Law (Act).[2] We affirm.
Claimants were both employed by Hills Department Store (Employer) in Monroeville, Pennsylvania. Patton headed the men's department in the store, while McGuill occupied the same position in the boys' department. On April 3, 1985, Employer's soft lines manager, Wayne Jackson, authorized Patton to mark down in price Michael Jackson-style men's wear. Patton had McGuill help her mark down the men's wear they believed manager Jackson had authorized them to mark down. Patton set aside 19 items from the marked-down merchandise to purchase for her own use; McGuill did likewise with ten items. Jackson told Claimants to stop marking down the men's wear because he saw them marking down items that were not in the Michael Jackson *225 line and which Claimants had not been authorized to mark down.
Claimants ceased the mark-down process at this point. Before leaving work, however, Claimants purchased the marked-down items they had set aside. None of the items purchased at the marked-down price were among those Claimants were authorized to mark down. Both Claimants were terminated on April 6, 1985 for purchasing these items at the reduced price while knowing that they were unauthorized discounts.
Claimants applied for benefits and the Office of Employment Security (OES) determined that Claimants were ineligible for benefits under Section 402(e) of the Act (willful misconduct). The referee and the Board both affirmed the OES' determinations. This appeal followed.
The only issue before us on appeal is whether there is substantial evidence to support the Board's findings of fact.[3] The burden of proving willful misconduct is on the employer. Stauffer v. Unemployment Compensation Board of Review, 71 Pa. Commonwealth Ct. 569, 455 A.2d 300 (1983). When an employee knowingly purchases or attempts to purchase from an employer items below a price authorized by the employer, such an act constitutes willful misconduct. Kostik v. Unemployment Compensation Board of Review, 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974). A finding regarding the employee's knowledge can be inferred from the circumstances surrounding the incident, and we have held that circumstantial evidence can support findings of fact. Dunkleberger v. Unemployment Compensation Board of *226 Review, 78 Pa. Commonwealth Ct. 384, 467 A.2d 653 (1983). We hold that there is substantial evidence to support the finding that Claimants were discharged for the purchase of items which were the subject of an unauthorized price change.
Claimants here argue that there is evidence in the record to support a finding that the whole incident was the result of a misunderstanding between Claimants and Jackson. While this may be true, credibility matters are for the Board and we must affirm its decision when its findings are supported by substantial evidence, even if we would not have reached the same conclusion based on the record. Perry v. Unemployment Compensation Board of Review, 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983).
Accordingly, the orders of the Unemployment Compensation Board of Review are affirmed.

ORDER
NOW, March 23, 1987, the order of the Unemployment Compensation Board of Review, No. B-242543, dated August 12, 1985, denying benefits to Linda Patton is hereby affirmed.

ORDER
NOW, March 23, 1987, the order of the Unemployment Compensation Board of Review, No. B-242544, dated August 12, 1985, denying benefits to Annette McGuill is hereby affirmed.
NOTES
[1] Claimant's counsel in this case took one appeal from two separate orders of the Board. This is violative of Pa. R.A.P. 512, which continues the longstanding policy that taking one appeal from separate orders is not acceptable practice. Frailey Township School District v. Schuylkill Mining Co., 361 Pa. 557, 64 A.2d 788 (1949). While appeals may be quashed for violation of this policy, Zollinger v. Adam Eidemiller, Inc., 388 Pa. 299, 131 A.2d 103 (1957), when circumstances permit, courts have allowed the appeal to be heard on the merits. Frailey.

In this case (1) the facts and issues raised are the same, (2) the appeal was taken after both orders were final, (3) the Board has not objected to the filing of but one appeal, and (4) if the appeals were quashed, the statutory period allowed for appeal will have already expired, precluding the institution of proper appeals by Claimants. Under these circumstances, we shall consider the appeal from these two orders on the merits, but make special note of our strong disapproval of the practice. General Electric Credit Corp. v. Aetna Casualty & Surety Co., 437 Pa. 463, 469-71, 263 A.2d 448, 452-53 (1970).
[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e).
[3] Our scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed or the agency's findings are not supported by substantial evidence. Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).