547 A.2d 873

BK Foods, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 16, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Vicki Kuftic Horne, Thomas Schuchert & Associates,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 23, 1988:

BK Foods, Inc. (Employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board), which found that Claimant was not ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (willful misconduct).[1] We affirm.

Claimant was employed by Employer as the manager of a Burger King restaurant in Pittsburgh, Pennsylvania. Employer had a policy that a restaurant manager was responsible for making bank deposits twice a day,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

although the two deposits were normally made together and this practice was accepted by Employer.

On January 15, 1987, claimant began his shift by taking excess hamburger buns to another of Employer's stores. When he returned to his store, Claimant was unable to make a deposit of that day's and the previous night's funds because he was the only manager present at the store. When an assistant manager arrived on duty, he asked him to count the money, make out the deposit slips, and take the money to the bank. Claimant did this because four members of his six member staff were absent, which meant he was needed to operate the restaurant, and because he needed time to make out work schedules. Although the assistant manager did fill out the deposit slips, he left the two deposit bags in the safe and did not take them to the bank. When the night manager arrived and noticed the two deposit bags in the safe, she hid them in the bottom of the safe.

The following day Claimant had to prepare the payroll. Consequently, he asked a second assistant manager to make the deposits. This assistant was supposed to check for any deposits left in Employer's safe and deposit them, pick up the previous day's deposit slips, and record the deposit slip amounts on "report sheets." The assistant did not notice the hidden deposit bags nor did he inform Claimant that the January 15, 1987 deposit slips were missing.

On January 17, 1987, Employer conducted a payroll audit at which time it was discovered that no deposit had been made on January 15, 1987. An ensuing search of the store uncovered the deposit bags in the safe. Claimant was discharged for failing to make the deposit.

Claimant applied for benefits, but the Office of Employment Security (OES) found him ineligible under Section 402(e). The referee reversed the OES' determination, finding in pertinent part:

The record establishes that there was a violation of store rules and policies in that certain bank deposits were not made in a timely manner. In the judgment of the referee, however, the claimant is not guilty of willful misconduct in regard to violation of policy. *It appears that he had the authority to direct a subordinate to make the deposits and that he acted reasonably in relying upon subordinates to carry out the assigned duty.*[2]

Referee's decision at 2 (emphasis added). Employer appealed and the Board affirmed. This appeal followed.[3]

The employer has the burden of proving willful misconduct, *McGuill v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 222, 523 A.2d 1194 (1987). In a rules violation case, the employer must show the existence of the rule and its *knowing* violation. *Smith v. Unemployment Compensation Board of Review*, 97 Pa. Commonwealth Ct. 24, 508 A.2d 1281 (1986). The record here establishes only that Employer

---

[2] Although the underlined portion of the quotation was found in the "Reasoning" section of the referee's opinion (the Board made no findings of fact in this case and affirmed on the basis of the referee's decision), this passage is essentially two findings of fact. We have considered in the past portions of the "Reasoning" or "Discussion" section of a Board opinion to be findings of fact, *Monroe v. Unemployment Compensation Board of Review*, 112 Pa. Commonwealth Ct. 488, 491 n.1, 535 A.2d 1222, 1223 n.1 (1988), although this is not the preferred practice. *Id*.

[3] Our scope of review is limited to determining whether constitutional rights or the provisions of 2 Pa. C. S. §§501-508 have been violated, an error of law has been committed, and whether the Board's essential findings of fact are unsupported by substantial evidence. 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

had a policy that managers were ultimately responsible for seeing bank deposits were made daily; it does not establish, however, that he had to take the deposits to the bank personally. The Board here found that Claimant could delegate his duties, such as making deposits and logging deposit slips, to subordinates. Although Employer now vigorously contends he could not delegate this duty, this finding is supported by Claimant's testimony. Matters of credibility and evidentiary weight are within the province of the Board, *McGuill*, and the Board here chose to believe the testimony of Claimant over that of Employer's witnesses. *See Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Further, Employer acknowledged to the Board that Claimant could delegate his duties.

Since Claimant could delegate his duties, the question then becomes whether Claimant knew that his subordinate had failed to make the deposits. *Blake v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 358, 425 A.2d 43 (1981). We agree with the Board that the evidence here does not show Claimant was aware of his assistant's failure to make the deposits.

Likewise, Claimant cannot be faulted for failing to ascertain that the January 15, 1987 deposit had not been made by checking the deposit slips on January 16, since he could also delegate that duty. The assistant manager on that date had the duty to make the restaurant's bank deposits and log the amount of the deposits from the deposit slips. This assistant manager, however, failed to find the previous days deposits, as they were hidden, and he did not tell Claimant the January 15, 1987 deposit slips were missing. Thus, Claimant was not aware that the January 15, 1987 deposit had not been made.

Employer cites in support of its argument that Claimant was guilty of willful misconduct the case of *Schmutz v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 510, 459 A.2d 1378 (1983), where, Employer asserts, we found the claimant had committed willful misconduct by failing to place holds on accounts of customers known to the teller, even though claimant asserted it was normal bank procedure not to place holds during busy times. Thus, it argues that even if it were normal employer practice to allow managers to delegate duties, Claimant would still have committed willful misconduct since he was the one ultimately responsible to see that bank deposits were made. The willful misconduct in *Schmutz*, however, was not the teller's failure to place holds on accounts of customers known to her, but her failure to enter all checks in the computer, a policy uniformly enforced by her employer. *Id*.

Employer argues that even if it did not have a policy, Claimant's conduct disregarded standards of behavior which Employer had a right to expect, and, thus, constituted willful misconduct. We disagree. At best all Employer has shown here was negligence. In order for a negligent act to constitute willful misconduct, the employer must show the employee's negligent act evidences culpability, wrongful intent, evil design or substantial disregard for employer's interest or employee's duties. *Fusaro v. Unemployment Compensation Board of Review*, 85 Pa. Commonwealth Ct. 507, 483 A.2d 1013 (1984). Claimant's actions here do not rise to that level. Although we understand that Employer views violations of store policy regarding store funds as serious, there is a critical distinction between an employer's right to terminate employment and a state's right to deny unemployment compensation benefits. *Breininger v.*

*Unemployment Compensation Board of Review,* 103 Pa.
Commonwealth Ct. 502, 520 A.2d 949 (1987).
Affirmed.

ORDER

NOW, September 23, 1988, the order of the Unem-
ployment Compensation Board of Review in the above-
captioned matter is hereby affirmed.

DISSENTING OPINION BY SENIOR JUDGE KALISH:
I dissent respectfully.

Claimant was employed as a store manager in a Bur-
ger King restaurant. It was his responsibility to make
daily bank deposits of the day's receipts. However, as
manager he had the authority to delegate this duty to
subordinates. Accordingly, he did just that. The assist-
ant to whom he delegated that duty failed to make a
deposit. This was not discovered until several days later
at a payroll audit, when the deposit bags were found
hidden at the bottom of the safe. The claimant was dis-
charged by the employer for willful misconduct, based
upon his violation of the company policy requiring daily
deposits.

The referee found that there was a violation of the
store policy in that the deposits were not made timely.
However, the referee concluded that the violation by
the claimant's subordinate cannot be imputed to the
claimant, since he had the authority to direct a subordi-
nate to make the deposits. The referee also found that
the claimant acted reasonably in relying on his subordi-
nate to carry out the assigned duty, so that the claimant
was not guilty of willful misconduct.

Willful misconduct, which bars an employee from
unemployment compensation benefits, is conduct which
is a willful disregard of the employer's interest. This can
be manifested in a number of ways, such as a violation

of company rules, which shows a substantial disregard for the employer's interest or the employee's duties and obligations. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976); *Pryor v. Unemployment Compensation Board of Review,* 82 Pa. Commonwealth Ct. 523, 475 A.2d 1350 (1984).

The essence of the employer's argument is not that the subordinate's misconduct is imputed to the claimant, as suggested by the referee, but rather that once it is shown that the company policy was violated, the claimant then had the burden to establish that his conduct was justifiable and reasonable under the circumstances, thus establishing good cause as a defense. *Nunez v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 620, 480 A.2d 379 (1984).

The company manual indicated that the claimant was to keep a record of the daily deposits, as shown by the deposit slips, and that a failure to make daily deposits was a basis for termination.

Thus, the record is clear that while the claimant had the authority to delegate the *duty* of making daily deposits, he had the further duty to safeguard the cash proceeds by inspecting for daily deposit slips, since the purpose was to minimize losses in the event of a robbery.

As previously indicated, the referee found that there was a violation of the store policy, because the daily deposits were not made timely.

A balancing by the fact finder of the reasonableness of the employer's rules or orders and the employee's failure to comply with them is required. *Waltz v. Unemployment Compensation Board of Review,* 113 Pa. Commonwealth Ct. 54, 533 A.2d 199 (1987).

In view of the possibility of jeopardizing the daily receipts by a possible robbery, the company rule of dai-

ly deposits *as evidenced by the deposit slips* was certainly a reasonable one. A violation of this rule jeopardizes the employer's interest. Reliance on the subordinate *to make the deposits* may be reasonable, but it certainly is unreasonable and insufficient to establish good cause for his failure to further establish the duty of safeguarding the employer's receipts. Claimant had the affirmative duty to see whether there were in fact daily receipts. His negligence was a substantial disregard of his duties and obligations to his employer. It warrants a conclusion of willful misconduct for purposes of denying unemployment benefits.