# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fegley Management and Energy LLC, :  
                        Petitioner :  
                         :  
          v. : No. 11 C.D. 2020
                         : Submitted: September 17, 2020
Unemployment Compensation :  
Board of Review, :  
                     Respondent :  

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: October 14, 2020**

Fegley Management and Energy LLC (Employer) petitions for review of a December 3, 2019 Order of the Unemployment Compensation (UC) Board of Review (Board), which reversed a Referee's Decision and determined that Eric P. Preisler (Claimant) was not ineligible for UC benefits under Section 402(e) of the UC Law, which relates to willful misconduct.[1] Upon review of the record, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

## I. BACKGROUND

Claimant was employed as a full-time cook and receiver for Employer. After being terminated from his employment on July 18, 2019, for violating Employer's smoking policy when Claimant was observed smoking behind Employer's dumpsters, Claimant filed an application for UC benefits. A UC Service Center issued a notice of determination initially finding Claimant ineligible for benefits due to willful misconduct. Claimant appealed the determination, and a hearing was held before a Referee.

At the hearing on September 16, 2019, both Claimant and a representative of Employer were present and testified. Testifying on behalf of Employer was the member of Employer who witnessed Claimant violating the smoking policy (Member), and he testified as follows. The policy states that employees are not permitted to smoke cigarettes or cigars at the location, unless there is permission from a manager to smoke within designated areas listed within the policy. (Reproduced Record (R.R.) at 54a-55a.) Member testified:

> No employee in uniform is permitted to smoke before or after their [sic] shift anywhere within 100 feet of the establishment. Only after a scheduled shift, out of uniform, as a paying guest may the staff member be permitted to smoke outside just like a regular guest. Violation . . . of smoking policy is a terminable offense, period.

(*Id*. at 55a.) Claimant was allegedly just outside the rear entrance of the establishment in front of a dumpster on Employer's property when Member observed Claimant smoking. (*Id*.) Claimant was notified that his employment was terminated the same day as the incident, July 18, 2019. (*Id*.) Member did not see any other employees smoking outside at the location he found Claimant. (*Id*. at 62a.)

2

Subsequent to Member's testimony, Claimant testified as follows. Claimant did not refute the allegations of Employer and admitted to violating the smoking rule. (*Id*. at 56a-57a.) Claimant knew of the consequences of the rule, as well. (*Id*. at 57a.) "However, no one enforces the rule," Claimant testified, as he has "actually smoked with managers [and] general managers." (*Id*.) Claimant specifically identified those managers who smoked with him in the past. (*Id*. at 63a.) Claimant "never smoked with a manager in the location[, near the dumpsters, where he] was seen" on July 18, 2019. (*Id*. at 64a.) The dumpsters are located "across a public street" and approximately 30-35 feet from the back door of the establishment. (*Id*. at 66a.) Instead, Claimant and others usually smoked in the lower level of the parking deck near the establishment. (*Id*. at 64a.) Claimant had been smoking in the normal area of the parking deck and was observed by Member walking back on a public road toward the building. (*Id*. at 66a-67a.) In the 15 years Claimant worked for Employer, he had never seen any discipline given related to the smoking policy. (*Id*. at 65a.)

Following the hearing, the Referee issued a decision affirming the Service Center's determination that Claimant was ineligible for benefits under Section 402(e) of the UC Law. (Referee Decision at 4.) The Referee reasoned that Employer met its burden to prove willful misconduct because Employer showed there was a deliberate violation of Employer's smoking policy when Claimant was seen smoking within 100 feet of the establishment. (*Id*. at 2-3.) The burden then shifted to Claimant to establish "that his asserted defense of disparate treatment is one which is supported by competent evidence." (*Id*. at 3.) The Referee determined that Claimant did not proffer specific enough evidence to meet his burden. The Referee found "Claimant merely testified that he had smoked on numerous occasions with

3

supervisors and coworkers at other locations. [] Claimant did not specifically identify dates and times other employees violated the policy." (*Id.*) Accordingly, the Referee denied Claimant benefits. (*Id.* at 3-4.)

Claimant appealed to the Board, which reversed the Referee's Decision and issued its own findings of fact.[2] Departing from the Referee's Decision, the Board found the following relevant findings of fact:

> 2. [] [E]mployer maintains a policy, which [] [C]laimant received and signed his acknowledgment of in 2008, that prohibits smoking cigarettes or cigars at [] [E]mployer's location, unless approved by a manager and smoking took place in designated areas. Smoking is also prohibited within 100 feet of [] [E]mployer's establishment, and employees in uniform are not permitted to smoke before or after shift.
>
> 3. Although [] [E]mployer maintains a no smoking policy, [] [C]laimant routinely smoked with managers and general managers.
>
> 4. The majority of [] [E]mployer's kitchen staff are smokers, the rule against smoking is overlooked or ignored, and employees often smoke out back of [] [E]mployer's establishment.
>
> 5. On July 18, 2019, a [] [M]ember of [] [E]mployer observed [] [C]laimant smoking out behind [] [E]mployer's dumpsters.
>
> 6. [ ] [E]mployer discharged [ ] [C]laimant for smoking while at work.

(Board Opinion (Op.), Findings of Fact (FOF) ¶¶ 2-6.) The Board determined that Employer provided credible evidence to show that "it maintains a policy against smoking on [] [E]mployer's property in uniform and that [] [C]laimant was aware of this policy." (Board Op. at 2.) However, the Board found Employer did not

---

[2] "The Board's duty is to examine the evidence, to make findings of fact based upon that evidence, and to arrive at conclusions based upon those facts." *Treon v. Unemployment Comp. Bd. of Review*, 453 A.2d 960, 963 n.2 (Pa. 1982).

4

demonstrate that the rule was uniformly enforced because the Board "credit[ed] []

[C]laimant's testimony" that

> much of the kitchen staff [was] smokers, the rule was often overlooked
> or ignored, other employees smoked out back, and that he personally
> smoked with managers.  In fact, [] [C]laimant smoked with a manager
> four days prior to the July 18, 2019 incident.  Given these facts, []
> [E]mployer condoned, and its managers participated in, the same
> conduct for which [] [C]laimant was discharged.  Therefore, []
> [E]mployer failed to carry its burden of proof, and [] [C]laimant cannot
> be ineligible for benefits.

(Board Op. at 3.)  Additionally, the Board stated that the Referee overlooked

Claimant's testimony naming managers and misapplied the law of disparate

treatment.  (*Id*.)  The Board explained:

> [w]hile the doctrines of disparate treatment and inconsistent
> enforcement may share similar factual support, they are different and
> serve distinct roles under the [l]aw.  Disparate treatment is an
> **affirmative defense** to a discharge that is based upon an improper
> criterion, such as race, religion, or sex.  Whereas, the burden of
> consistent enforcement is subsumed within the employer's initial
> burden of proof, and it is invoked when the claimant complains of a
> lack of uniformity in enforcement of a specific policy or directive.

(*Id*. (emphasis in original).)  Therefore, the Board ordered that the Referee's

Decision be reversed and found Claimant not ineligible for benefits.  (*Id*.)  Employer

filed a request for reconsideration of the Board's Order, which was denied.  (R.R. at

113a.)  Employer now petitions for review of the Board's Order by this Court.

5

## II. DISCUSSION

Employer offers three arguments before this Court on appeal.[3] First, Employer argues the Board erred as a matter of law in finding that Claimant was not ineligible for UC benefits on the basis of willful misconduct. Second, Employer argues the Board erred as a matter of law when it relied upon Referee's potential misapplication of law as grounds for determining Claimant was not ineligible. Lastly, Employer asserts the Board "abused its discretion by affording greater credibility to the testimony of Claimant than that of" Employer. (Employer's Brief (Br.) at 18.) For ease of discussion, we have combined Employer's first and second arguments to address whether the Board erred as a matter of law in finding Claimant was not ineligible for UC benefits.

### A. Whether the Board erred as a matter of law by finding that Claimant was not ineligible for UC benefits.

On appeal, Employer argues that the Board erred as a matter of law because Claimant admittedly committed willful misconduct by violating the no smoking policy. (Employer's Br. at 12-13 (citing R.R. at 56a).) Employer asserts that Claimant stated he smoked directly outside of Employer's establishment, and

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). "In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Id.* "It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

therefore Employer's burden to show willful misconduct was fulfilled. (*Id.* at 13.) Employer argues that the burden should have then shifted to Claimant to show good cause for the violation, that the rule was unreasonable, or that Claimant could not comply with the rule, none of which Claimant showed. (*Id.*) Employer further asserts that the Board erred when it stated that "[t]he Board departs from the Referee's ruling because he overlooked [] [C]laimant's specific testimony on him smoking with managers and he misapplied the applicable law." (*Id.* at 16 (quoting Board Op. at 3).) Employer argues that the Board erred in departing from the Referee's ruling because, while Claimant stated that he had previously smoked with other employees and managers, Claimant admitted that he had never smoked with a manager at the location where he was seen. Employer agrees that the Referee's use of the disparate treatment doctrine was a clear error, but then states that "such an error has no bearing upon the merits of the action and should not have influenced the decision of the [B]oard." (*Id.* at 17.)

The Board responds that Employer did not consistently enforce the smoking policy and thus Claimant's actions could not be a deliberate or intentional violation. (Board's Br. at 5-6.) The Board argues that Employer did not meet its burden of proving that the smoking policy was consistently enforced because managers also engaged in smoking with Claimant. (*Id.* at 9.) Because Employer did not satisfy its prima facie burden, the Board argues the burden never shifted to Claimant to show good cause. The Board further asserts that Employer mischaracterizes Claimant's testimony because Claimant was walking back when he was seen by Member. (*Id.*) However, the Board argues that this fact is not dispositive because Employer did not offer clear evidence as to where the designated smoking area was and the distance from the establishment to the dumpsters. (*Id.* at 9-10.) In addition, the Board asserts

7

that the Referee's use of the disparate treatment doctrine here was not harmless error because "[p]lacing a burden on the incorrect party has dire consequences, as shown in this case." (*Id*. at 11.) According to the Board, by using the disparate treatment doctrine, which is an affirmative defense, the Referee placed the burden on Claimant, which was clearly incorrect and resulted in an incorrect conclusion, which the Board was required to correct. (*Id*.) The Board also asserts that when it properly placed the burden of proving consistent enforcement of a work rule on Employer, the only proper conclusion was that "Employer failed to meet that burden when its own managers violated Employer's [smoking] policy and condoned Claimant's violations as well." (*Id*. at 11-12.) Furthermore, the Board argues that Employer did not prove that the managers only smoked in designated smoking areas, per the smoking policy, only that Employer believed they did. (*Id*. at 12.)

Section 402(e) of the UC Law provides that a claimant is ineligible for benefits for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e). Although "willful misconduct" is not defined in the UC Law, the Supreme Court has defined the term as:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Navickas v. Unemployment Comp. Bd. of Review*, 787 A.2d 284, 288 (Pa. 2001). The burden to prove willful misconduct is on the employer, and it must show the existence of the work rule and its knowing violation. *BK Foods, Inc. v. Unemployment Comp. Bd. of Review*, 547 A.2d 873, 875 (Pa. Cmwlth. 1988). Once

8

an employer proves willful misconduct, the burden shifts to claimant to show that he had good cause for his willful misconduct. *Gordon Terminal Serv. Co. v. Unemployment Comp. Bd. of Review*, 211 A.3d 893, 898 (Pa. Cmwlth. 2019).

However, "inconsistent enforcement" of a rule will prevent an employer from establishing the existence of a rule and a deliberate violation of that rule to support willful misconduct. *Id.* at 899. "[I]nconsistent enforcement occurs where an employer enforces a rule so inconsistently that it no longer appears to be a rule that employees must follow." *Id.* at 900. There is a clear and important difference between inconsistent enforcement and the disparate treatment doctrine. As stated by this Court in *Gordon Terminal*,

> [d]isparate treatment is applicable where an employer enforces a rule in different manners, whereas inconsistent enforcement occurs where an employer enforces a rule so inconsistently that it no longer appears to be a rule that employees must follow. Furthermore, disparate treatment is an affirmative defense to willful misconduct, while inconsistent enforcement of a rule results in an employer's inability to prove willful misconduct.

*Id.*

In *Gordon Terminal*, the employer claimed that the claimant violated the employer's cell phone use policy, which prohibited use of a cell phone during working hours without special approval. *Id.* at 899. The Board found that although there was a written policy, the employer's own witness stated that other employees also used their cell phones without repercussions. *Id.* Therefore, the employer could not prove that the claimant deliberately violated the cell phone use policy. *Id.* Similarly, in *Great Valley Publishing v. Unemployment Compensation Board of Review*, 136 A.3d 532, 538-39 (Pa. Cmwlth. 2016), this Court determined that an employer could not prove willful misconduct when it tolerated other employees'

9

violations of its internet policy. We held that when an employer tolerates past violations, violation of that rule cannot qualify as willful misconduct. *Id.*

This case is similar to *Gordon Terminal* and *Great Valley Publishing*. As in those cases, here, the Board found that Employer did not prove that Claimant's actions were a deliberate violation of its smoking policy because it found Claimant's testimony credible regarding Employer's inconsistent enforcement. The Board's determination, that the smoking policy was inconsistently enforced, was supported by Claimant's credited testimony that he smoked with other employees and managers, and that there were never any repercussions for violating the policy. (R.R. at 57a, 65a.) Claimant testified that he smoked with several managers, specifically naming some of them, as well as other employees. (*Id.* at 63a.) The Board found "Employer condoned, and its managers participated in, the same conduct for which [ ] [C]laimant was discharged." (Board Op. at 3.) Employer did not offer conflicting testimony or prove that it consistently enforced its policy. Furthermore, Employer did not indicate where the designated areas of smoking were located. The Board is the "ultimate finder of fact," *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1389 (Pa. 1985), and we will not reevaluate questions of credibility and evidentiary conflicts because they are under the Board's discretion, *Serrano v. Unemployment Compensation Board of Review*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016).

Because Employer did not show that it consistently enforced its own smoking policy, it was as if there was no rule at all. *See Gordon Terminal*, 211 A.3d at 899-900. Accordingly, we cannot find that the Board erred in its determination that Employer did not meet its burden to prove willful misconduct and thus, overturning the Referee's ruling.

10

Employer also argues that the Board erroneously relied on the Referee's misuse of the disparate treatment doctrine to overturn the Referee's Decision. The Board did not rely on the Referee's error but instead was correcting a legal error. As stated above, disparate treatment and inconsistent enforcement are applied in different situations. We agree with the Board that the Referee incorrectly applied the disparate treatment doctrine because Claimant did not allege that Employer applies the smoking policy in different manners for different employees. Instead, Claimant alleged that the policy was never enforced, and Employer's managers and supervisors often violated the rule themselves. This results in an allegation of inconsistent enforcement, not disparate treatment, because the smoking policy was allegedly never enforced except in this one instance. Thus, it appeared as though Employer no longer required its employees to follow the smoking policy. *Id.* The Board, therefore, was required to correct the Referee's legal error, which was not harmless because it affected the outcome by impermissibly shifting the burden of proof to Claimant.

**B.** **Whether the Board abused its discretion by giving greater credibility to Claimant's testimony than to Employer's testimony.**

Finally, Employer asserts that the Board's findings were not supported by substantial evidence because Claimant admitted he never smoked with managers at that specific location by the dumpsters. (Employer's Br. at 18.) Employer argues that it had designated smoking areas in which Employer believed Claimant had smoked with managers in the past. (*Id*. at 19.) Accordingly, Employer asserts that the managers were not breaking the smoking policy because they were in the allowed, designated smoking areas, unlike Claimant who was seen by Member in the location by the dumpsters. (*Id*.)

11

The Board responds that it had the discretion to credit Claimant's testimony and that this Court does not reevaluate its credibility determinations on appeal. (Board's Br. at 12-13.) The Board further asserts that it "was permitted to accept Claimant's testimony in whole or in part and assign it probative weight." (*Id*. at 13.) The Board argues that the location of the smoking was irrelevant and Employer did not prove that Claimant deliberately violated a work rule. (*Id*.)

"Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review." *Peak*, 501 A.2d at 1388 (quoting *Miller v. Unemployment Comp. Bd. of Review*, 405 A.2d 1034, 1036 (Pa. Cmwlth. 1979)). The Board is "the ultimate finder of fact." *Id*. at 1389 (internal quotation and citation omitted). We are bound by the Board's findings and conclusions unless its decision is not supported by substantial evidence. However, merely pointing to conflicting evidence in the record is not sufficient to show that the Board's decision was not supported by substantial evidence. *Serrano*, 149 A.3d at 439 (citing *Verizon Pa. Inc. v. Workers' Comp. Appeal Bd. (Mills)*, 116 A.3d 1157, 1162 (Pa. Cmwlth. 2015)).

Employer's arguments rely on a "belief" that managers smoked with Claimant only in designated smoking areas. (Employer's Br. at 19.) This argument is not supported by any record evidence. The Board found that, based on the testimony before the Referee, "[C]laimant routinely smoked with managers and general managers." (Board Op., FOF ¶ 3.) The Board additionally determined that the smoking policy "is overlooked or ignored, and employees often smoke out back of [] [E]mployer's establishment." (*Id*. ¶ 4.) The Board's factual determinations are supported by Claimant's credited testimony. Claimant testified "no one enforces the rule. . . . I've smoked with kitchen managers, head chefs, general managers, front-

12

of-the-house managers. Everyone smokes." (R.R. at 57a.) Claimant also did not recall Employer disciplining any employees for smoking out back during his 15 years of employment. (*Id*. at 65a.) This testimony supports the Board's findings and ultimately its conclusion that Employer did not carry its burden of proof because "[E]mployer condoned, and its managers participated in, the same conduct for which [] [C]laimant was discharged." (Board Op. at 3.) Accordingly, we conclude that substantial evidence exists to support the Board crediting Claimant's testimony that Employer did not consistently enforce its smoking policy.

## III. CONCLUSION

Based upon review of the record, the Board did not err as a matter of law because Employer did not consistently enforce its smoking policy, and therefore could not prove a deliberate violation of that policy in order to demonstrate that Claimant engaged in willful misconduct. In addition, there was substantial evidence, namely Claimant's credited testimony, to support the Board's factual findings that Employer did not consistently enforce its smoking policy and thus, that it did not prove willful misconduct. Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fegley Management and Energy LLC,   :
                         Petitioner   :
                                     :
            v.                   :   No. 11 C.D. 2020
                                     :
Unemployment Compensation        :
Board of Review,                  :
                       Respondent

# O R D E R

**NOW**, October 14, 2020, the Order of the Unemployment Compensation Board of Review, dated December 3, 2019, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge